[Cite as *State v. Taylor*, 2025-Ohio-4645.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAC 01 0001 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware Municipal Court, Case No. 24 TRC 07640 |
| BOBBY TAYLOR, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 6, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** TYLER A. SANDERS, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Montgomery, J.*

**<u>STATEMENT OF THE FACTS AND THE CASE</u>**

{¶1}   On September 3, 2024, Bobby Taylor (hereinafter "Taylor") was charged with multiple misdemeanor offenses in the Delaware Municipal Court:

Operating a Vehicle Under the Influence of Alcohol or Drugs, a violation of

R.C. 4511.19(A)(l)(a);

Operating a Motor Vehicle Without a Valid License, a violation of R.C.

4510.12; and

Fictitious Plates, a violation of R.C. 4549.08.

{¶2}   Taylor entered not guilty pleas to the three charges.

**{¶3}** The case proceeded to a jury trial on December 10, 2024.

**{¶4}** After the commencement of the trial, Taylor changed his pleas from not guilty to guilty on the charges of Fictitious Plates and No Operator License.

**{¶5}** The trial continued and the jury found Taylor guilty of OVI, and a Final Judgment Entry was filed on December 10, 2024.

**{¶6}** The trial court sentenced Taylor to the mandatory minimums for a first offense.

**{¶7}** Taylor filed a timely appeal and asserts two assignments of error:

"I. TAYLOR'S CONVICTION FOR OVI IS AGAINST THE WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."

"II. TAYLOR'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS THE STOP OF HIS CAR WHEN THAT MOTION HAD MORE THAN A REASONABLE PROBABILITY OF SUCCESS."

## STANDARD OF REVIEW

**{¶8}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶9}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the

entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *Id.* Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

## ANALYSIS

**{¶10}** In the instant case, Taylor was convicted for driving a motor vehicle while under the influence of alcohol or drugs. *Final Judgment Entry*, p. 1.

**{¶11}** R.C. 4911.19(A)(1) provides that, "No person shall operate any vehicle … within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them. . . ."

**{¶12}** Taylor argues that his conviction is not supported by legally sufficient evidence and that his conviction is against the weight of evidence. *Appellant Brief*, p. i.

**{¶13}** Taylor, citing *State v. Evans*, 127 Ohio App.3d 56, 63 (11th District 1988), argues in his brief that "Ohio courts have identified several factors to consider when determining whether the evidence shows that a defendant is intoxicated . . .."

**{¶14}** The *Evans* court set out eleven factors that a reviewing court may consider in determining whether an officer acted reasonably. *Id.*, n. 2.[1]

---

[1] The *Evans* case contained a footnote that stated: Without citing the numerous cases which have been canvassed, it may be said these factors include, but are not limited to (1) the time and day of the stop (Friday or Saturday night as opposed to, *e.g.,* Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the

**{¶15}** Taylor argues that "[t]he majority of the *Evans* factors fall in Jackson's [sic][2] favor." *Appellant Brief*, p. 5.

**{¶16}** This Court has reviewed *Evans* and finds that Taylor has misapplied the "*Evans* test" to the case at hand.

**{¶17}** The *Evans* court held, "[c]ases considering an officer's decision to conduct roadside sobriety tests rely on the totality of relevant circumstances." *Id.*, ¶ 7.

**{¶18}** The *Evans* court speaks to a review of an officer's decision to conduct a roadside sobriety test, not evidence for a court to consider in determining if a person is intoxicated.

**{¶19}** Evidence submitted to the trial court and considered by the jury was Officer Byerly's testimony. He testified that Taylor's eyes were glossy, that Taylor was very energetic and that he - Byerly - had to explain to Taylor multiple times the reason for the traffic stop. *Trial Transcript*, p. 117. Officer Byerly testified that he found some indications of impairment during the walk and turn test and during the one-leg stand test. *Id.*, pp. 127, 128. Officer Byerly also testified that Taylor's speech was rapid, his pupils were slightly dilated, his story was inconsistent, he had eyelid tremors and divided attention. *Id.*, pp. 123 -127.

---

suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given.

[2] This Court can only assume that this is an error and "Jackson" should read "Taylor".

**{¶20}** This Court finds that this evidence, if believed, is sufficient to convince a trier of fact of Taylor's guilt.

**{¶21}** Taylor's argument that his conviction is against the manifest weight of evidence because the majority of the *Evans* factors fall in Taylor's favor is without merit.

**{¶22}** In his second assignment of error, Taylor argues that his counsel was ineffective for failure to file a motion to suppress. *Appellant Brief*, p. 5.

**{¶23}** This Court has held, "[i]n order to prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonable representation and that were it not for counsel's error, the result of the proceedings would have been different. In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *State v. Altman*, 2007-Ohio-6761, ¶ 18 (5th Dist.), citing *Strickland v. Washington* (1984), 466 U.S. 668.

**{¶24}** Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Madrigal*, 2004-Ohio-448, ¶ 17.

**{¶25}** To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. *State v. Adams,* 2004-Ohio-5845, ¶ 35.

**{¶26}** Taylor argues that "[t]here was no basis for Officer Byerly to have a 'reasonable and articulable suspicion' that Taylor was violating the law at the time of the stop." *Appellant Brief*, p. 6.

**{¶27}** An officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law. *State v. Spellacy*, 2019-Ohio-785, ¶ 35, citing *Dayton v.*

*Erickson*, 76 Ohio St.3d 3, pp. 11-12 (1996). "[E]ven a de minimis traffic violation provides probable cause for a traffic stop." *Id*.

{¶28} R.C. 4549.08(A) states, "No person shall operate or drive a motor vehicle upon the public roads and highways in this state if it displays a license plate or a distinctive number or identification mark that meets any of the following criteria:

(1)     Is fictitious;

. . .

{¶29} Officer Byerly was questioned by the prosecutor regarding his reason for stopping Taylor. Officer Byerly responded, "[f]ictitious plate. So he had a different license plate on a different car." *Trial Transcript*, p. 118. Officer Byerly observed the fictitious plate on Taylor's car and had reasonable and articulable suspicion that Taylor committed a traffic offense at the time of the stop.

{¶30} Taylor's sole argument that the facts and law in the case sub judice would have had a reasonable probability of success is based on the premise that there was no legal basis for the stop. *Appellant Brief*, p. 7.

{¶31} This Court finds that Officer Byerly observed the fictitious plates on Taylor's car in violation of R.C. 4549.08(A)(1)(a), had reasonable suspicion that Taylor was committing a crime and therefore had probable cause to stop Taylor.

{¶32} Taylor has failed to show that there was a basis for filing a motion to suppress. Therefore, his claim that his counsel was ineffective is without merit.

## CONCLUSION

**{¶33}** It is the decision of this Court to overrule Taylor's first and second assignments of error and affirm the decision of the Final Judgment Entry filed in the Delaware Municipal Court on December 10, 2024.

**{¶34}** Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.